IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN DOUGLAS BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00197-P-BP |
| § | |
| UNITED STATES DISTRICT COURT, § | |
| NORTHERN DISTRICT OF TEXAS, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the *pro se* Complaint of Plaintiff Steven Douglas Brown ("Brown") filed March 2, 2020, ECF No. 1, which was preliminarily assigned to the undersigned that same day. ECF No. 4. Although the Complaint names this Court as the Defendant, Brown seeks no specific relief from the Court. Liberally construed, the Complaint states that Brown is a convicted felon, that he is thus prohibited by law from possessing a gun, and this prohibition violates his right to bear arms under the Second Amendment to the United States Constitution. ECF No. 1 at 12-17. Stating that the laws prohibiting a felon from possessing guns violate the Constitution by denying citizens access to firearms, he requests that he be granted the right to obtain a "weapon of [his] choice." *Id.* at 16.

Brown filed a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which the Court granted. ECF No. 7. Because Brown is proceeding *in forma pauperis*, the Court is authorized under § 1915(e)(2)(B) to screen his case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. *See Smilde v. Snow*, 73 F. App'x 24, 25 (5th Cir. 2003). It

appears to the Court that Brown has failed to state a claim on which relief can be granted. After considering the pleadings and applicable legal authorities, the undersigned therefore **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this case **WITH PREJUDICE** for failure to state a claim.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If the district court determines that a plaintiff has pleaded his or her best case, however, the court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

Brown's claim that laws prohibiting a convicted felon from possessing a firearm violate the Second Amendment right to bear arms fails to state a claim on which relief can be granted. In *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), the Supreme Court held that the Second Amendment to the Constitution guarantees "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." However, the Court also recognized that there are limitations

to that right. As the Court stated, "nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons and the mentally ill…." *Id.* at 626.

Thereafter, the Fifth Circuit upheld the conviction of a defendant for being a felon in possession of a firearm where the defendant challenged the constitutionality of 18 U.S.C. § 922(g). The court there held that "[the defendant's] conviction does not violate the Second Amendment, the Commerce Clause, or the Ex Post Factor Clause of the U.S. Constitution." *United States v. Massey*, 849 F.3d 262, 264 (5th Cir.), *cert. denied*, ___ U.S. ___, 138 S. Ct. 500 (2017); *see also United States v. Emerson*, 270 F.3d 203, 261 (5th Cir. 2001) ("Although . . . the Second Amendment does protect individual rights, that does not mean that those rights may never be made subject to any . . . restrictions for particular cases that are reasonable . . . to individually keep and bear arms . . . ."). Thus, as a convicted felon, Brown does not have an unfettered right to keep and bear arms under the Constitution. According to well-established precedent, restrictions on a felon's ability to possess a firearm are constitutional beyond question.

Because Brown's Complaint fails to state a claim upon which relief can be granted, and no amendment of the Complaint could cure that defect, Judge Pittman should **DISMISS** this case **WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

3

and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed August 6, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE